UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER FIELDS, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EARLY INTERVENTION CONSULTING LLC, AMANDA RAMI, and DAVID RAMI,<br><br>Defendants. | Case No. |

**COLLECTIVE/CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff, CHRISTOPHER FIELDS, individually and on behalf of all others similarly situated, by and through his attorneys, hereby brings this Collective/Class Action Complaint against Defendants, EARLY INTERVENTION CONSULTING LLC, AMANDA RAMI, and DAVID RAMI, and states as follows:

**INTRODUCTION**

1. This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiff, CHRISTOPHER FIELDS, individually and on behalf of all similarly situated persons employed by Defendants, EARLY INTERVENTION CONSULTING LLC and AMANDA RAMI, arising from Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, §§ 820 ILCS 105/1 *et. seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, §§ 820 ILCS 115/1 *et seq.* ("IWPCA").

2. Defendants operate Early Intervention Consulting, a provider of Applied Behavior Analysis ("ABA") therapy services to children and teens with autism.

3. Defendants' therapy services are performed by "tutors," who work remotely in states throughout the country and attend to Defendants' patients.

4. While Defendants classified Plaintiff and other tutors as independent contractors, tutors were in fact treated like employees, in that tutors played in integral role in Defendants' business, worked consistent schedules for Defendants for significant periods of time, were subject to substantial control by Defendants, did not possess any special skills and had no opportunity for profit or loss, and made minimal investments in their work in comparison to the substantial investments Defendants made in their business. *See Keller v. Miri Microsystems LLC*, 781 F.3d 799, 807 (6th Cir. 2015) (holding that whether a person is an employee or independent contractor under the FLSA depends on a 6-factor "economic realities" test, which looks at 1) the permanency of the relationship between the parties; 2) the degree of skill required for the rendering of the services; 3) the worker's investment in equipment or materials for the task; 4) the worker's opportunity for profit or loss, depending upon his skill; 5) the degree of the alleged employer's right to control the manner in which the work is performed; and 6) whether the service rendered is an integral part of the alleged employer's business).

5. Count I is brought under the FLSA, individually and as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of all current and former tutors who worked for Early Intervention Consulting in the United States at any time within the three years preceding the commencement of this action and the date of judgment (the "FLSA Collective"), and seek relief for Defendants' failure to pay Plaintiff and the other FLSA Collective members overtime compensation for all hours worked.

6. Count II is brought under the IMWL, individually and as a class action pursuant to Fed. R. Civ. P. 23, on behalf of all current and former tutors who worked for Defendants in

Illinois at any time within the applicable statutory period (the "Rule 23 Illinois Class"), and seek relief for Defendants' failure to pay Plaintiff and the other Rule 23 Illinois Class members overtime compensation for all hours worked.

7. Counts III and IV are brought under the IWPCA, individually and as a class action pursuant to Fed. R. Civ. P. 23, on behalf of the Rule 23 Illinois Class, and seek relief for Defendants' failure to pay earned wages and/or reimburse work-related expenses.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim raises a federal question under 29 U.S.C. § 201, *et seq.*

9. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they arise under the same facts as his federal claims.

10. This court has personal jurisdiction over Defendants because their headquarters are located within this state, in Bay Village, Ohio.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district.

## PARTIES

12. Plaintiff is a resident of Pasco County, Florida, and was employed by Defendants in Southern Illinois as a tutor from approximately December 2018 to May 2019.

13. Plaintiff signed a consent form to join this lawsuit, which is attached hereto as **Exhibit 1**.

14. Defendant Early Intervention Consulting LLC is an Ohio limited liability company whose principal address is 315 Tanglewood Lane, Bay Village, Ohio 44140.

15. Defendant Amanda Rami is an adult individual who resides is Cuyahoga County,

Ohio.

16. Amanda Rami is an owner, founder, and principal officer of Early Intervention Consulting LLC, and exercised operational control over the company's day-to-day activities, including the formulation of pay and timekeeping policies applicable to tutors.

17. Defendant David Rami is an adult individual who resides is Cuyahoga County, Ohio.

18. David Rami is the owner and principal officer of Early Intervention Consulting LLC, and exercised operational control over the company's day-to-day activities, including the formulation of pay and timekeeping policies applicable to tutors.

## **FACTUAL ALLEGATIONS**

19. Defendants operate Early Intervention Consulting, a provider of ABA therapy services to children and teens with autism.

20. Defendants' therapy services are performed by "tutors," who work remotely in states throughout the country and attend to Defendants' patients.

21. While Defendants classified Plaintiff and other tutors as independent contractors, tutors were in fact treated like employees, in that tutors:

    a. Played in integral role in Defendants' business;

    b. Worked consistent schedules for Defendants for significant periods of time;

    c. Were subject to substantial control by Defendants;

    d. Did not possess any special skills and had no opportunity for profit or loss; and

    e. Made minimal investments in their work in comparison to the substantial investments Defendants made in their business.

22. Defendants paid tutors on an hourly basis and did not provide them with any

4

guaranteed, predetermined amount of pay per week.

23. Tutors regularly worked over forty (40) hours in a workweek.

24. Defendants required tutors to use a mobile application called "TSheets" to enter notes from sessions with Defendants' clients and to record their time for payroll purposes.

25. Defendants had an implied agreement with tutors to pay them at their agreed-upon hourly rates for all hours worked.

26. Defendants only permitted tutors to report time spent on clients' sessions into TSheets, notwithstanding the fact that they performed additional work including travelling between clients' homes and/or other locations at which sessions took place and performing work outside of their scheduled client sessions, such as completing paperwork, preparing lesson plans, coordinating session times, purchasing supplies, and meeting with managers.

27. Defendants failed to pay tutors for all hours worked, including:

a. Time spent recruiting colleagues and acquaintances to work as tutors;

b. Time spent training;

c. Time spent in sessions with clients that was not paid due to technical glitches with TSheets;

d. Time spent travelling between clients' homes and/or other locations at which sessions took place;

e. Time spent waiting for clients to appear at sessions that were cancelled; and

f. Time spent performing work outside of their scheduled client sessions.

28. In many weeks, the unpaid work tutors performed was in excess of forty (40) hours in a workweek, for which they should have been compensated at 1.5x their regular rates of pay, but instead received no compensation.

29. To the extent Defendants did pay tutors for hours worked in excess of 40 in a week, such hours were paid at their regular hourly rates, rather than the required rate of 1.5x their regular rates of pay.

30. Defendants failed to reimburse tutors for reasonable expenditures or losses required of the employees in the discharge of employment duties and that inured to the primary benefit of Defendants, including:

   a. Driving their personal vehicles between work locations;
   b. Use of their personal mobile devices to communicate with Defendants' management, staff, and clients, and access TSheets; and
   c. Supplies needed for tutors' home offices and for sessions with clients.

31. Defendants were aware of, or alternatively, recklessly indifferent to the possibility that tutors were working uncompensated hours in excess of 40 in a workweek, and that such hours should have been compensated at 1.5x their regular rates of pay in accordance with the FLSA and IMWL.

32. Defendants were aware of, or alternatively, recklessly indifferent to the possibility that they were failing to reimburse tutors for reasonable expenditures or losses required of the employees in the discharge of employment duties and that inured to the primary benefit of Defendants, and that such failure was a violation of the FLSA, IMWL, and IWPCA.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of:

> *All current and former tutors who worked for Early Intervention Consulting in the United States at any time within the three years preceding the commencement of this action and the date of judgment.*

6

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition as necessary.

34. Excluded from the FLSA Collective are Defendants' executives, administrative and professional employees, including computer professionals and outside sales persons.

35. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the members of the FLSA Collective are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b) because (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practice, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

36. The employment relationships between Defendants and every FLSA Collective member are the same and differ only in name, location, and rate of pay. The key issues – whether Defendants knowingly failed to pay overtime compensation for all hours worked – do not vary substantially from Collective member to Collective member.

37. Plaintiff estimates that the FLSA Collective, including both current and former employees over the relevant period, will include hundreds of members. The precise number of Collective members should be readily available from a review of Defendants' personnel and payroll records.

## RULE 23 ILLINOIS CLASS ACTION ALLEGATIONS

38. Plaintiff brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on his own behalf and on behalf of:

*All current and former tutors who worked for Early Intervention Consulting in Illinois at any time within the applicable statutory period.*

(hereinafter referred to as the "Rule 23 Illinois Class"). Plaintiff reserves the right to amend this definition as necessary.

7

39. The members of the Rule 23 Illinois Class are so numerous that joinder of all Rule 23 Illinois Class members in this case would be impractical. Plaintiff reasonably estimates that there are hundreds of Rule 23 Illinois Class members. Rule 23 Illinois Class members should be easy to identify from Defendants' computer systems and electronic payroll and personnel records.

40. There is a well-defined community of interest among Rule 23 Illinois Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Illinois Class. These common legal and factual questions include, but are not limited to, the following:

   a. Whether Defendants knowingly failed to pay overtime compensation for all hours worked; and

   b. Whether Defendants knowingly failed to pay earned wages and/or reimburse work-related expenses.

41. Plaintiff's claims are typical of those of the Rule 23 Illinois Class in that he and all other Rule 23 Illinois Class members suffered damages as a direct and proximate result of the Defendants' common and systemic payroll policies and practices. Plaintiff's claims arise from the same policies, practices, promises and course of conduct as all other Rule 23 Illinois Class members' claims and his legal theories are based on the same legal theories as all other Rule 23 Illinois Class members.

42. Plaintiff will fully and adequately protect the interests of the Rule 23 Illinois Class and he has retained counsel who are qualified and experienced in the prosecution of Illinois wage and hour class actions. Neither Plaintiff nor his counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Illinois Class.

43. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23

Illinois Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer. Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the nation.

44. This case will be manageable as a Rule 23 Class action. Plaintiff and his counsel know of no unusual difficulties in this case and Defendant and its corporate clients all have advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

45. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

46. Because Defendants acted and refused to act on grounds that apply generally to the Rule 23 Illinois Class and declaratory relief is appropriate in this case with respect to the Rule 23 Illinois Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## COUNT I
**(Brought Individually and on Behalf of the FLSA Collective Pursuant to 29 U.S.C. § 216(b))**
**FAILURE TO PAY OVERTIME**
**29 U.S.C. § 207((a)(1)**

47. Plaintiff re-alleges and incorporates all previous paragraphs herein and further allege as follows.

48. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer

than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

49. Defendants are an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

50. Defendants are an enterprise that has had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

51. At all times relevant to the action, Defendants were an employer covered by the mandates of the FLSA, and Plaintiff and the FLSA Collective were employees entitled to the FLSA's protections.

52. Plaintiff and other putative FLSA Collective members regularly worked over forty (40) hours in a workweek.

53. Defendants failed to pay Plaintiff and other putative FLSA Collective members for all hours worked in excess of forty (40) hours in a workweek.

54. Pursuant to 29 U.S.C. §§ 207(a)(1) and 216(b), Plaintiff and other putative FLSA Collective members are entitled to recover the full amount of unpaid overtime compensation, liquidated damages, interest thereon, reasonable attorneys' fees and costs of suit.

55. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a). Because Defendants willfully violated the FLSA, a three-year state of limitations applies to such violations.

**COUNT II**
**(Brought Individually and on Behalf of the Rule 23 Illinois Class to Fed. R. Civ. P. 23)**
**FAILURE TO PAY OVERTIME**
**§ 820 ILCS 105/4a**

56. Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

57. At all times relevant to the action, Defendants were an employer covered by the mandates of the IMWL, and Plaintiff and the Rule 23 Illinois Class were employees entitled to the IMWL's protections.

58. The IMWL requires employers to pay their employees overtime at time-and-a-half their regular rate of pay of hours worked in excess of forty (40) per week. *See* § 820 ILCS 105/4a.

59. Plaintiff and other putative Rule 23 Illinois Class members regularly worked over forty (40) hours in a workweek.

60. Defendants failed to pay Plaintiff and other putative Rule 23 Illinois Class members for all hours worked in excess of forty (40) hours in a workweek.

61. Pursuant to §§ 820 ILCS 105/4a and 820 ILCS 105/12, Plaintiff and other putative Rule 23 Illinois Class members are entitled to recover the full amount of unpaid overtime compensation, statutory penalties, liquidated damages, interest thereon, reasonable attorneys' fees and costs of suit.

## COUNT III
### (Brought Individually and on Behalf of the Rule 23 Illinois Class to Fed. R. Civ. P. 23)
### FAILURE TO PAY EARNED WAGES
### § 820 ILCS 115/4

62. Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

63. At all times relevant to the action, Defendants were an employer covered by the mandates of the IWPCA, and Plaintiff and the Rule 23 Illinois Class were employees entitled to the IWPCA's protections.

64. The IWPCA requires that "[a]ll wages earned by any employee … shall be paid." 820 ILCS 115/4.

65. Defendants had an agreement with Plaintiff and other putative Rule 23 Illinois Class members to pay them at their agreed-upon hourly rates for all hours worked.

66. Defendants failed to pay Plaintiff and other putative Rule 23 Illinois Class members their agreed-upon hourly rates for all hours worked.

67. Defendants had an agreement with Plaintiff and other putative Rule 23 Illinois Class members to also pay them an additional hour of pay for each instance in which they arrived at a session that had been cancelled by a client.

68. Defendants failed to pay Plaintiff and other putative Rule 23 Illinois Class members an additional hour of pay for each instance in which they arrived at a session that had been cancelled by a client.

69. Defendants failed to pay Plaintiff paid time off he had accumulated as of the termination of his employment.

70. Pursuant to §§ § 820 ILCS 115/4 and 820 ILCS 115/14, Plaintiff and other putative Rule 23 Illinois Class members are entitled to recover the full amount of unpaid earned wages, statutory penalties, liquidated damages, interest thereon, reasonable attorneys' fees and costs of suit.

**COUNT IV**
**(Brought Individually and on Behalf of the Rule 23 Illinois Class to Fed. R. Civ. P. 23)**
**FAILURE TO REIMBURSE EXPENSES**
**§ 820 ILCS 115/9.5**

71. Plaintiff re-alleges and incorporates all previous paragraphs herein and further

alleges as follows.

72. The IWPCA requires an employer to "reimburse an employee for all necessary expenditures or losses incurred by the employee within the employee's scope of employment and directly related to services performed for the employer." § 820 ILCS 115/9.5(a).

73. The IWPCA defines "necessary expenditures" as "all reasonable expenditures or losses required of the employee in the discharge of employment duties and that inure to the primary benefit of the employer." *Id.*

74. Defendants failed to reimburse Plaintiff and other putative Rule 23 Illinois Class members for reasonable expenditures or losses required of the employees in the discharge of employment duties and that inured to the primary benefit of Defendants.

75. Pursuant to §§ § 820 ILCS 115/4 and 820 ILCS 115/14, Plaintiff and other putative Rule 23 Illinois Class members are entitled to reimbursement for all such expenditures, statutory penalties, liquidated damages, interest thereon, reasonable attorneys' fees and costs of suit.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, CHRISTOPHER FIELDS, individually and on behalf of all others similarly situated, requests the following relief:

a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

b. Certifying this action as a class action (for the Rule 23 Illinois Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's state law claims (Counts II-IV);

c. Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all collective action Class members and Rule 23 Class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

d. Designating Plaintiff as the representative of the FLSA collective action Class and the

Rule 23 Illinois Class, and undersigned counsel as Class counsel for the same;

e. Declaring that Defendants willfully violated the FLSA, IMWL, and IWPCA;

f. Granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff and the collective action Class and the Rule 23 Illinois Class, the full amount of damages, liquidated damages, and statutory penalties available by law;

g. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

h. Awarding pre- and post-judgment interest to Plaintiff on these damages; and

i. Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff, CHRISTOPHER FIELDS, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

Dated: January 28, 2021

RESPECTFULLY SUBMITTED,

By: /s Jason T. Brown
Jason T. Brown (N.D. Oh. Bar # 35921996)
Nicholas Conlon (will *pro hac vice*)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com