IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER FIELDS, individually and on behalf of others similarly situated, | ) ) ) | CASE NO. 1:21-CV-00225 |
| Plaintiff, | ) ) | JUDGE PAMELA A. BARKER |
| v. | ) ) | |
| EARLY INTERVENTION CONSULTING, LLC, et al., | ) ) ) ) | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND RELEASE AND FOR DISMISSAL OF ALL CLAIMS WITH PREJUDICE** |
| Defendants. | ) | |

Plaintiff Christopher Fields ("Plaintiff") and Defendants Early Intervention Consulting, LLC, Amanda Rami, and Dave Rami ("Defendants") respectfully move this Court to approve the Settlement reached by the parties, filed herewith as **Exhibit 1**. The Settlement seeks to resolve all claims the individual Plaintiff has or could have asserted against Defendants, including Plaintiff's claims under the Fair Labor Standards Act ("FLSA"), as well as all claims Defendants have or could have asserted against Plaintiff. The parties respectfully submit that the Settlement is fair and reasonable, and satisfies the criteria for approval under §216(b) of the FLSA. The Settlement was achieved after substantial factual and legal investigation, and through diligent and thorough negotiations between counsel for the parties.

The following sections explain the nature of the action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement.[1]

**I.       THE ACTION**

On January 28, 2021, Plaintiff filed this collective/class action against Defendant,

---

[1] The parties apologize to the Court for not filing this Motion by June 1, 2021 as directed by the Court. The parties diligently prepared this Motion in anticipating of meeting the June 1st deadline, but inadvertently failed to complete the filing on that date.

1

asserting claims under the FLSA and various sections of the Illinois State Statutes for failure to pay earned wages and failure to reimburse expenses. Defendants never answered Plaintiff's Complaint, but rather engaged Plaintiff's counsel in settlement negotiations to resolve the dispute with the individual Plaintiff.

The Parties negotiated a resolution of this case for several months. After substantial negotiations, the Parties reached an agreement on the material terms of a settlement. Since the settlement calls for the dismissal and release of Plaintiff's FLSA claims, the Parties are submitting the settlement agreement to this Court for approval.

**II.    THE SETTLEMENT TERMS**

The Settlement and Release Agreement ("Agreement") calls for a monetary payment to be made by Defendants to Plaintiff from which attorneys' fees and costs will be paid, a mutual release of all claims by both Parties, a mutual non-disparagement provision, and a dismissal of Plaintiff's claims with prejudice.

Here, although Plaintiff initially asserted FLSA claims in a collective/class action, the parties have now agreed that Plaintiff will settle this case on behalf of himself only, based on the particular circumstances of his employment with Defendants. He is no longer alleging any class or collective claims, nor is he claiming that Defendants' alleged wage and hour violations (which Defendants deny) would be applicable to any of Defendants' other employees. Further, the Agreement is meant to resolve all of Plaintiff's claims which include statutory claims in addition to Plaintiff's FLSA claims. Accordingly, this is not the type of case where members of the public would gain any knowledge of the value of a "typical" FLSA dispute, insofar as the settlement amount and other terms of the Agreement are not indicative of what might ordinarily be expected in other FLSA matters, because they are so highly dependent on the particular facts of this dispute.

## III. THE PROPRIETY OF APPROVAL

The Settlement is subject to approval by the Court pursuant to Section 16 of the FLSA. As explained below, Court approval is warranted. When evaluating whether to approve a settlement, the Court must determine whether there is a bona fide dispute, and whether the settlement is a fair resolution of the dispute. *Schneider v. Goodyear Tire & Rubber Co.*, No. 5:13CV2741, 2014 U.S. Dist. LEXIS 78117, at *4-5 (N.D. Ohio June 9, 2014). When performing this analysis, courts consider the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. *Id.* And, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *Id.*

Here, all of these factors favor approval of the settlement. First, the settlement was negotiated between the parties after substantial time and resources went into investigating and evaluating the facts and circumstances of the case. As such, the risk of fraud or collusion is minimal.

Second, the complexity, expense, and likely duration of the litigation also favors settlement. In addition to Plaintiff's FLSA claims, Plaintiff also has claims for failure to pay earned wages and failure to reimburse expenses. Each Party strongly disputes the other Party's factual allegations and legal conclusions. As such, if this case is not settled at this time, it is likely that the ongoing litigation of this case will be contentious, costly, and could continue for an extended period of time. Accordingly, the parties submit the settlement should be approved by the Court.

Third, early resolution of this case also favors approval of the settlement. If this case is not settled, then the parties would be forced to engage in the expensive and slow moving litigation

process including filing motions to dismiss, engaging in paper discovery, taking depositions, filing dispositive motions, as well as additional motion practice, some predicable and some not predictable. Although both Parties are confident in their positions, there is uncertainty as to how likely it is that either side may prevail on their claims.

Finally, because this settlement only involves one party instead of a class or collective, the public's interest in this case should be to encourage a resolution without further need to involve the Court's time and resources. When considering these factors, it is clear that the Agreement should be approved.

The Court should also approve the attorneys' fees provided for in the Agreement, representing approximately 40% of the settlement amount. Plaintiff's counsel agreed to litigate this case on a contingency basis and advance all litigation expenses. As mentioned above, this case did not just involve claims under the FLSA, but also included additional claims. Thus, when considering the various legal and factual disputes in this case, a contingent fee of 40% of the settlement amount, which is a common contingency fee in employment cases, is reasonable and should be approved.

## IV. CONCLUSION

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering the proposed Stipulated Order and Final Judgment filed herewith.

                                                Respectfully Submitted,

| | |
|---|---|
| */s/ Nicholas Conlon* | */s/ Michael P. O'Donnell* |
| Nicholas Conlon (admitted pro hac vice) | Michael P. O'Donnell (0079328) |
| Jason T. Brown (N.D. Oh. Bar # 35921996) | Christopher J. Carney (0092158) |
| BROWN, LLC | Brouse McDowell LPA |
| 111 Town Square Place, Suite 400 | 600 Superior Avenue East, Suite 1600 |
| Jersey City, NJ 07310 | Cleveland, Ohio 44114 |
| T: (877) 561-0000 | Tel. (216) 830-6830 |
| F: (855) 582-5297 | Fax (216) 830-6807 |
| nicholasconlon@jtblawgroup.com | modonnell@brouse.com |
| jtb@jtblawgroup.com | ccarney@brouse.com |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendants* |